# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **U.S. BANK NATIONAL ASSOCIATION, as Trustee for Citigroup Mortgage Loan Trust, Inc. 2006-NC2, Asset Backed Pass Through Certificates Series 2006-NC2,** Plaintiff, | § § § § § § § § | |
| **v.** | § § | EP-15-CV-109-PRM |
| **SERGIO BORUNDA and KARI CHAMBERS,** Defendants. | § § § § | |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT BORUNDA'S MOTION FOR RECONSIDERATION AND DENYING REQUEST TO SET ASIDE SUMMARY JUDGMENT ORDER

On this day, the Court considered Defendant Sergio Borunda's[1]

"Motion for Reconsideration and Brief in Support" (ECF No. 50)

[hereinafter "Motion"], filed on April 29, 2016, and Plaintiff U.S. Bank

---

[1] Although Defendant Borunda asserts that his Motion is on behalf of both him and Defendant Chambers, Defendant Borunda, as a pro se party, cannot represent Defendant Chambers and cannot file a motion on her behalf. *See* Restatement (Third) of the Law Governing Lawyers § 4 (Am. Law Inst. 2000); *Brown v. Ortho Diagnostic Sys., Inc.*, 868 F. Supp. 168 (E.D. Va. 1994); *Murphy v. Int'l Bus. Machs. Corp.*, 810 F. Supp. 93 (S.D. N.Y. 1992) (recognizing that a pro se litigant may not represent another party as counsel).

National Association' "Resposne [sic] in Opposition to Motion for Reconsideration" (ECF No. 52), also filed on April 29, 2016, in the above-captioned cause.  Defendant Borunda's Motion is in response to the Court's "Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment" (ECF No. 40) [hereinafter "Order"], filed on April 18, 2016.  After due consideration, the Court is of the opinion that Defendant Borunda's Motion should be granted.  The Court declines, however, to modify or vacate its Order for the reasons that follow.

## I.   BACKGROUND

This matter arises out of an alleged breach of a mortgage loan. Plaintiff brought suit against Defendants Sergio Borunda and Kari Chambers a little over a year ago alleging that Defendants Chambers and Borunda defaulted on the loan agreement that Defendants executed with Plaintiff's predecessor, New Century Mortgage Corporation.  Compl. 5, Apr. 15, 2015, ECF No. 1. Thus, Plaintiff alleged breach of contract and asserted that it was entitled to judicial foreclosure on the property.  *Id.*

Plaintiff thereafter moved for summary judgment on its breach-of-contract and judicial-foreclosure claims.  Pl.'s Mot. for Summ. J., Feb.

18, 2016, ECF No. 30.  Defendant Borunda's response to Plaintiff's Motion for Summary Judgment argued, among other things, that Plaintiff was not entitled to foreclosure because it failed to exercise its right to foreclose within the four-year statute of limitations period. Resp. to [Pl.'s] Traditional and No Evid. Mot. for Summ. J. 1, Apr. 5, 2016, ECF No. 36.

The Court granted in part and denied in part Plaintiff's Motion for Summary Judgment—granting summary judgment as to Defendants' liability pursuant to the loan agreement and denying summary judgment regarding the amount of damages due on the loan.  Order Granting in Part and Den. in Part Pl.'s Mot. for Summ. J. 18, Apr. 18, 2016, ECF No. 40 [hereinafter "Order"].  Specifically, the Court granted summary judgment as to all but one of the elements of Plaintiff's breach-of-contract claim—namely, damages—and also granted summary judgment as to all but one of the elements of Plaintiff's judicial foreclosure claim—namely, that a certain balance was due and owing on the note. *Id.* at 11.

Regarding Defendant Borunda's statute-of-limitations argument, the Court held that Plaintiff was well within the four-year statute of limitations for bringing its judicial foreclosure claim because its claim

began to accrue on May 17, 2013, when Plaintiff provided Defendants with its "Notice of Acceleration." *Id.* at 12–14.

Defendant Borunda now brings the instant Motion arguing that the Court's Order improperly granted in part summary judgment in favor of Plaintiff because it wrongly dismissed his statute-of-limitations defense. Mot. 1.

## II.   LEGAL STANDARD

"[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration . . . ." *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). Rather, courts treat such motions as motions pursuant to either Rule 54(b), 59(e), or 60 depending on when the motion is brought and the type of order that the party requests the Court to reconsider. *See, e.g., id.* (treating a motion to reconsider as a motion pursuant to Rule 59(e)); *see also S. Snow Mfg. Co. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 564–65 (E.D. La. 2013).

"[E]very order short of a final decree is subject to reopening at the discretion of the district judge." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983). Therefore, "[i]nterlocutory orders, such as grants of partial summary judgment, are . . . left within the

plenary power of the court that rendered them to afford such relief from them as justice requires." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701–02 (5th Cir. 2014). Consequently, a partial grant of summary judgment is an interlocutory order, and a motion to reconsider such an order is governed by Federal Rule of Civil Procedure 54(b).

Pursuant to Rule 54(b), interlocutory orders may be "revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

"The [C]ourt must balance two competing interests in ruling on a motion to reconsider: (1) the need to bring litigation to an end; and (2) the need to render just decisions on the basis of all the facts." *McKay*, 751 F.3d at 701 (internal quotation marks and citations omitted). Neither Rule 54(b) nor the Fifth Circuit articulates a standard by which to decide whether reconsideration is merited. Other courts, however, have considered this issue at length—most notably, district courts in the District of Columbia Circuit. Those courts hold that the standard applicable to Rule 54(b) motions for reconsideration "differs from the standards applied to final judgments under Federal

Rules of Civil Procedure 59(e) and 60(b)."[2] *Rogers v. Mabus*, 699 F. Supp. 2d 73, 76 (D.D.C. 2010) (quoting *Williams v. Savage*, 569 F. Supp. 2d 99, 108 (D.D.C. 2008)) (internal quotation marks omitted).  Those courts apply a "as justice requires" standard,[3] which involves "determining, within the Court's discretion, whether reconsideration is necessary under the relevant circumstances." *DeGeorge v. United States*, 521 F. Supp. 2d 35, 39 (D.D.C. 2007) (quoting *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005)) (internal quotation marks omitted).  Those relevant circumstances include "whether the court 'patently' misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or whether a controlling or significant change in the law has occurred." *Id.*  Those courts also hold that "the

---

[2] At least one district court in the Fifth Circuit has reached a similar conclusion. *See Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002) ("The exact standard applicable to the granting of a motion under Rule 54(b) is not clear, though it is typically held to be less exacting than would be a motion under Rule 59(e), which is in turn less exacting than the standards enunciated in Rule 60(b).").

[3] The Third Circuit applies a similar standard. *See United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973) (noting that a district court "possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so").

party moving to reconsider carries the burden of proving that some [legal or tangible] harm would accompany a denial of the motion to reconsider." *Id.*

Other courts echo those requirements—an error in reasoning and resultant harm, though typically formulating them as clear error and manifest injustice. For example, the Supreme Court has noted that although "[a] court has the power to revisit prior decisions of its own . . . courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)). The Courts of Appeals for the Second and Sixth Circuits do as well. *See Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) ("Traditionally, courts will find justification for reconsidering interlocutory orders when there is . . . a need to correct a clear error or prevent manifest injustice."); *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (holding that a district court may reconsider a prior decision where there is "need to correct a clear error or prevent a manifest

injustice" (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)) (internal quotation mark omitted)).

Here, Defendant Borunda argues that the Court should reconsider its Order because it incorrectly dismissed its statute-of-limitations defense. Mot. 2. In light of the lack of direction in this circuit's jurisprudence regarding motions to reconsider pursuant to Rule 54(b), the Court will grant Defendant Borunda's request and reexamine its prior Order in the context of Defendant Borunda's statute-of-limitations argument.

## III.  DISCUSSION

In his response to Plaintiff's motion for summary judgment Defendant Borunda argued that Plaintiff was not entitled to summary judgment because, among other reasons, Plaintiff "triggered the statute of limitations but failed to foreclose after giving Notice of Acceleration and Intent to Foreclose and thereby failed to exercise its right to foreclose within the four-year statute of limitations." Resp. to [Pl.'s] Traditional and No Evid. Mot. for Summ. J. 1–2. Defendant Borunda, however, failed to allege the date on which Plaintiff "triggered the statute of limitations."

As part of its motion for summary judgment, Plaintiff provided a "Notice of Default and Intention to Accelerate" dated April 1, 2013, and a "Notice of Acceleration" dated May 17, 2013. Mot. for Summ. J., Exs. 6–7. Therefore, in its reply to Defendant Borunda's response to Plaintiff's motion for summary judgment, Plaintiff asserted that the statute of limitations began to run on May 17, 2013, and will expire on May 17, 2017. Reply to Def.'s Resp. to Pl.'s Mot. for Summ. J. 2–3, Apr. 12, 2016, ECF No. 38.

Consequently, after noting that (1) the Texas Civil Practice and Remedies Code provides a statute-of-limitations period of four years for bringing suit to recover real property or foreclosure; (2) the statute of limitations period begins to run on the date of effective acceleration where the note or deed of trust contains an optional acceleration clause; and (3) effective acceleration occurred on May 17, 2013, the Court held that Plaintiff was still well within the four-year statute of limitations period for initiating foreclosure proceedings and rejected that basis for denying summary judgment. Order 12–14.

Defendant Borunda argues that the Court's Order "improperly granted in part summary judgment to Plaintiffs." Mot. 1. Specifically, Defendant Borunda asserts that the Court, "in dismissing Defendants

argument that the Statute of Limitations as set forth by The Texas Civil Practice and Remedies Code[ ] voided the lien on the expiration of the four-year limitations period, disregarded the original date triggered by . . . Plaintiff on June 15, 2010." *Id.* Plaintiff attaches, as an exhibit, three documents purported to be the following: (1) "Notice of Default and Intention to Accelerate" dated May 12, 2010; (2) "Notice of Acceleration" dated June 15, 2010, and (3) a document filed in the 448th Judicial District of El Paso County, Texas, entitled "Notice to: Sergio Borunda, Kari Chambers." *Id.* at Ex. A.

The Court declines to modify or vacate its Order for three reasons: (1) Defendant Borunda has not demonstrated that he did not have access to or was unable to provide the court with these three documents in his response to Plaintiff's Motion for Summary Judgment; (2) Defendant Borunda has not demonstrated that these documents are competent summary judgment evidence; (3) even if the Court were to consider the evidence that he now presents, Defendant Borunda would not be able to demonstrate that there is a genuine issue of material fact regarding his affirmative statute-of-limitations defense.

## A.   Untimely Presentation of Evidence

In adjudicating Plaintiff's motion for summary judgment, the Court considered the evidence before it in accordance with Federal Rule of Civil Procedure 56.  As the Court noted in its Order, "[a] district court's decision on summary judgment is largely controlled by what the parties present[ ]." *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012).   Therefore, "[i]f somewhere in a record there is evidence that might show a dispute of material fact, the district court needs to be pointed to that evidence as opposed to having to engaging in an extensive search." *Id.*

Here, Defendant Borunda failed to point the Court to any evidence demonstrating that the statute of limitation period had lapsed at the time it was adjudicating Plaintiff's Motion for Summary Judgment. Defendant Borunda now seeks to present this evidence, which may or may not demonstrate that the statute of limitations period has run, but provides no reason for not presenting this evidence earlier, when the Court was considering and adjudicating the motion.  Namely, Defendant Borunda does not allege that this is newly discovered evidence or that the evidence was not previously available to him. Defendant Borunda merely, incorrectly, argues that "[h]ad the Court

11

allowed discovery, and contrary to the Court's finding . . . Defendants would have been able to introduce evidence that Plaintiffs' [sic] 'Notice of Default and Intention to Accelerate' was provided to Defendants on May 12, 2010 and a subsequent 'Notice of Acceleration' was provided to Defendants on June 15, 2010." Mot. 2. Yet, the Court provided both Plaintiff and Defendants with the opportunity to engage in discovery. The Court issued its Scheduling Order on August 4, 2015, which required that the parties complete discovery by February 3, 2016, providing the parties with ample opportunity to engage in discovery. Scheduling Order 2–3, Aug. 4, 2015, ECF No. 21.

### B.   Defendant Borunda's Exhibit Does Not Contain Competent Summary Judgment Evidence

Additionally, Defendant Borunda has not demonstrated that the documents he attaches to his Motion for Reconsideration are competent summary judgment evidence.

First, Defendant Borunda has provided no affidavit or other means of authenticating these documents. Pursuant to Federal Rule of Evidence 901, authentication of an exhibit is a condition precedent to its admissibility and "is satisfied by evidence sufficient to support a finding that the document is what its proponents claim." *See Shupe v. Ford*

12

*Motor Co.*, No. 03 C 7887, 2004 WL 1073436, at \*2 (N.D. Ill. Apr. 6, 2004) (citing Fed. R. Evid. 901).  "Unauthenticated documents should not be considered in a motion for summary judgment."  *Id.*  (citing *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 532 (9th Cir. 2011)).

Second, the documents that Defendant Borunda requests the Court to consider are inadmissible hearsay.  *See* Fed. R. Evid. 801. Although two of these documents, the "Notice of Default and Intention to Accelerate" and "Notice of Acceleration," could fall under the hearsay exception for business records pursuant to Federal Rule of Evidence 803(6)(B), as noted above, Defendant Borunda has not laid the foundation to introduce these documents as business records pursuant to the exception.  "Generally, to demonstrate such trustworthiness and reliability at the summary judgment stage, the party seeking to offer [a] business record must attach an affidavit sworn to by a person who would be qualified to introduce the record as evidence at trial . . . ." *Thanongsinh v. Bd. of Educ.*, 462 F.3d 762, 777 (7th Cir. 2006) (internal quotation marks and citations omitted).  Defendant Borunda has provided no such affidavit.  *See Shupe*, 2004 WL 1073436 at \*2 (similarly disregarding hearsay evidence purported to fall under the hearsay exception) ("Although [the defendant's] motion describes the

13

document as a 'business record . . .,' no affidavit from a person qualified to introduce the document as evidence at trial, other proper form of authentication was provided to establish the document's admissibility as a business record.  For this reason, the document cannot support the rendering of summary judgment.").  Although the Court recognizes that these documents are business records that are not kept by Defendant Borunda, but by Plaintiff, if it is indeed an authentic document, Defendant Borunda had the opportunity to engage in discovery and receive the information necessary for laying the foundation of the documents as business records in accordance with Federal Rule of Evidence 803(6)(B).

Thus, the documents that Defendant Borunda now presents to the Court do not constitute competent summary judgment evidence.

## C.   Alternatively, Defendant Borunda Has Not Met His Summary Judgment Burden

Finally, even if the Court were to consider the document that Defendant Borunda attaches to his Motion for Reconsideration, Defendant Borunda still has not met his summary judgment burden of proving that a genuine issue of material fact exists regarding his

affirmative defense—i.e., that the statute of limitations period has ended and Plaintiff is now precluded from foreclosing on the property.

As noted above, the documents that Borunda attaches to his Motion a (1) "Notice of Default and Intention to Accelerate" dated May 12, 2010; (2) "Notice of Acceleration" dated June 15, 2010; and (3) "Notice to Sergio Borunda, Kari Chambers.  Mot. Ex. A.  The Notice of Default and Intention to Accelerate informs Defendants that the loan was in default for failure to make the regular monthly payments; that the action required to cure the default would be payment of all sums due; and if the default was not cured, the maturity date of the Note would be accelerated and all sums owed would be due immediately.  *Id.* The Notice of Acceleration provides that Plaintiff accelerated the maturity date of the Note and declared all sums immediately due and payable and that Plaintiff would be making application for a court order allowing foreclosure on the property.  *Id.*  Finally, the "Notice to:  Sergio Borunda, Kari Chambers" is a document that appears to be filed in the 448th Judicial District of El Paso County, Texas providing that Plaintiff filed an application for foreclosure.

The statute of limitations for foreclosing a real property lien is four years.  Tex. Civ. Pract. & Rem. Code Ann. § 16.035.  As noted in

the Court's Order, "[i]f the holder of a note accelerates maturity of a note and declares the entire principal due, limitations begin to run from the date of an effective acceleration." *Fraps v. Lindsay*, No. 01-02-00068-CV, 2003 WL 22810440, at *5 (Tex. App.—Houston [1st Dist.] Nov. 26, 2003, no pet.).  Effective acceleration requires the following: (1) notice of intent to accelerate, and (2) notice of acceleration.  *Wolf*, 44 S.W.3d at 566.  Yet, a lender can unilaterally abandon an acceleration. *Leonard v. Ocwen Loan Servicing, L.L.C.*, 616 F. App'x 677, 680 (5th Cir. 2015).

Here, Plaintiff provided the Court with a "Notice of Default and Intention to Accelerate" dated April 1, 2013, and a "Notice of Acceleration" dated May 17, 2013.  Mot. for Summ. J. Exs. 6–7. Consequently, Plaintiff provided Defendants with the opportunity to cure the default and provided them with notice that they had the option to do so.  *Id.*  This demonstrates that Plaintiff abandoned its previous acceleration.  *See Leonard*, 616 F. App'x at 680 (holding that the lender unilaterally abandoned previous acceleration) ("[Lender] unilaterally abandoned . . . Notice by sending the [borrowers] account statements indicating the past due balance and by giving the [borrowers] the option to cure the default by paying the past due balance . . . .").  Defendant

16

Borunda has provided no evidence to the contrary.  Therefore,

Defendant Borunda has not met his summary judgment burden of

proving that there is a genuine issue of material fact regarding his

statute-of-limitations defense.

## IV.  CONCLUSION

Accordingly, **IT IS ORDERED** that Defendant Borunda's "Motion

for Reconsideration" (ECF No. 50) is **GRANTED IN PART AND**

**DENIED IN PART**.  The Court grants Defendant Borunda

reconsideration of its "Order Granting in Part and Denying in Part

Plaintiff's Motion for Summary Judgment" (ECF No. 40), but declines to

modify or vacate that decision.

**SIGNED** this ___5___ of **May, 2016**.

_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE